IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Cornell Worley,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-15-00071-TUC-DCB (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Glenn Worley, presently incarcerated at the Arizona State Prison-Eyman, Rynning Unit, Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is the Petition (Doc. 1) and Respondents' Limited Answer to Petition. (Doc. 10.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. After its independent review of the record, the Magistrate Judge recommends that the District Court dismiss the petition because it is time-barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

Worley was convicted of seven counts of sexual conduct with a minor and sentenced to seven consecutive life terms without the possibility of parole for 35 years. (Doc. 10, Exs. A, B.) He timely appealed and, on August 31, 2011, the Arizona Court of Appeals affirmed the decision of the trial court. (*Id.*, Exs. D, I.) Worley did not seek review with the Arizona Supreme Court.

On August 31, 2010, concurrently with his direct appeal, Worley started his first post-conviction relief (PCR) proceeding by filing a notice. (*Id.*, Ex. K.) The petition that followed was dismissed by the trial court. (*Id.*, Exs. M, P.) Worley filed a Petition for Review with the Court of Appeals. (*Id.*, Ex. Q.) The Court of Appeals reviewed the petition but denied relief. (*Id.*, Ex. R.) Worley did not seek review with the Arizona Supreme Court, and the Court of Appeals issued its mandate on December 31, 2012. (*Id.*, Ex. S.)

On April 24, 2013, Worley commenced his second PCR proceeding by filing a notice, which the trial court dismissed on May 7, 2013, and he did not seek review of that decision. (*Id.*, Exs. T, U.) On November 25, 2013, Worley started his third PCR proceeding by filing a notice, which was dismissed on December 6, 2013, and Worley did not appeal that dismissal. (*Id.*, Exs. V, W.) On December 9, 2013, Worley commenced his fourth PCR proceeding by filing a petition, which the trial court dismissed on December 10, 2013, and he did not seek review of that dismissal. (*Id.*, Exs. X, Y.)

On February 20, 2015, Worley filed the Petition for Writ of Habeas Corpus in this Court. (Doc.1.)

## DISCUSSION

The government argues that Worley's claims are time-barred because the petition violates the statute of limitations.

**Statute of Limitations and Statutory Tolling**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

In applying (d)(1)(A), the Court must assess when direct review of Worley's convictions became final. On August 31, 2011, the Court of Appeals affirmed Worley's convictions and sentences. Because Worley did not seek review in the Arizona Supreme Court, the judgment became final 30 days later – on September 30, 2011 – when the time for such review expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (finding that when a petitioner does not file for review, the judgment becomes final when the time for pursuing direct review expires); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules), *cert. denied*, 555 U.S. 829 (2008). Absent tolling, the statute of limitations began to run on October 1, 2011.

The statute of limitations is tolled during the time a properly filed state PCR petition is pending. 28 U.S.C. § 2244(d)(2). At the time Worley's direct review became final, he had already begun his first PCR proceeding by filing a notice, which immediately tolled the statute of limitations. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). The trial court dismissed Worley's first PCR petition, but he timely appealed. His first PCR proceeding was pending until the appellate court issued its mandate on December 31, 2012. *See Celaya v. Stewart*, 691 F. Supp.2d 1046, 1055 (D. Ariz. 2010) (finding that when the court of appeals grants review but denies relief, and petitioner does not seek further review, appellate review of a PCR petition is final when the mandate is issued). Thus, the

AEDPA's one-year statute of limitations began to run the following day on January 1, 2013.

Worley subsequently initiated three more PCR proceedings. Therefore, the statute of limitations was tolled between April 24, 2013 and May 7, 2013, for the duration of the second PCR proceeding; between November 25, 2013 and December 6, 2013, while his third PCR proceeding was pending; and between December 9, 2013 and December 10, 2013, for the duration of the fourth PCR proceeding. By the time Worley's fourth PCR proceeding was dismissed on December 10, 2013, the statute of limitations had run for 316 days.

When Worley filed the instant Petition for Writ of Habeas Corpus on February 20, 2015, 752 days (2 years and 22 days) had elapsed since his judgment became final. Because this exceeded the AEDPA's one-year statute of limitations, the petition is statutorily time-barred.

**Equitable Tolling**

Worley admits that the Petition for Writ of Habeas Corpus is untimely. (Doc. 1 at 11.) However, he argues that he should be entitled to equitable tolling because he sent his file to another inmate who could help him complete it. (*Id.*) The other inmate was transferred to another facility, and Worley was not able to get his file back until February 17, 2015. (*Id.*) Worley argues that when he got his file back, the statute of limitations had only run for 35 days. (*Id.*)

Petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). To justify equitable tolling, petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The diligence required for equitable tolling is "reasonable diligence," not "maximum feasible diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). In order to show reasonable

diligence, petitioner does not have to provide specific dates and times, but instead can allege facts showing that it was a circumstance beyond his control, and not his tardiness, that caused the failure to file. *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006).

Worley failed to establish either requirement to justify equitable tolling in his case. First, Worley did not show that he had been pursuing his rights with reasonable diligence. He did not allege any facts that would show that he tried to get his legal file back after the other inmate was transferred out. Second, Worley failed to establish that an extraordinary circumstance beyond his control impeded the timely filing. Worley made a decision to send his legal file to another inmate – a circumstance well within Worley's control. *Cf. Lott v. Mueller*, 304 F.3d 918, 921-25 (9th Cir. 2002) (remanding for further evidentiary development of a claim of equitable tolling because the petitioner was transferred to another prison and lacked access to his legal file). Additionally, it is unclear why Worley alleged that the statute of limitations had run only for 35 days before he filed the petition. Even if Worley was entitled to equitable tolling, it would be impossible to calculate the duration of such tolling because Worley did not specify when he sent his legal file to another inmate, only when he got his file back. Because Worley did not show that he acted with reasonable diligence and that extraordinary circumstances stood in his way, he is not entitled to equitable tolling.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District

1 Court. If objections are not timely filed, they may be deemed waived. If objections are
2 filed, the parties should use the following case number: CV-15-0071-TUC-DCB.
3    Dated this 6th day of January, 2016.

*D. Thomas Ferraro*
United States Magistrate Judge